UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES HARTSELL, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>SCHAAF, et al.,<br><br>    Defendants. | CAUSE NO. 3:20-CV-505-JD-MGG |

OPINION AND ORDER

Charles Hartsell, Jr., a prisoner without a lawyer, brings this complaint under 42 U.S.C. §§ 1983, 1985, and *Biven v. Six Unknown Agents*, 403 U.S. 388 (1971), alleging that officers of the Pokagon Tribal Police and security staff at Four Winds Casino seized and searched him in violation of the Fourth Amendment. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On February 23, 2019, Hartsell was gambling at Four Winds Casino South Bend, when he was caught up in an investigation into counterfeit currency. ECF 10 at 2. A casino security manager, Joshua VanShyck, directed Sergeant Schaaf, a Pokagon Tribal

Police Officer, to seize Hartsell. *Id.* at 1-3. He was taken to another room where Pokagon Tribal Police Officer Duis ordered Sergeant Schaaf to search him, over Hartsell's objections. *Id.* at 2, 5. Hartsell's personal property was seized, and Pokagon Tribal Police Officer Loza searched his cell phone, which has yet not been returned. *Id.* at 4.

Afterwards, Hartsell was charged with state law crimes, which were dismissed. ECF 10 at 4. Then he was indicted on federal charges, but those charges were dismissed after the federal court found that the arrest and search violated the Fourth Amendment. *Id.*; *see United States v. Hartsell*, 432 F. Supp. 3d 805 (N.D. Ind. 2020). He is currently incarcerated after pleading guilty to a conspiracy charge. ECF 10 at 4-5.

The complaint does not state a claim under either § 1983 or *Bivens* because the defendants appear to have been acting pursuant to tribal authority, not under state or federal authority. A necessary element of a § 1983 claim is that defendants act "under color of state law." *Gonzales v. Madigan*, 990 F.3d 561, 563 (7th Cir. 2021). Similarly, *Bivens* "applies only to federal actors." *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). "[A] § 1983 claim cannot be maintained against defendants who act under color of tribal rather than state law." *Pistor v. Garcia*, 791 F.3d 1104 (9th Cir. 2015); *see also Holtz v. Oneida Airport Hotel Corp.*, 826 F. App'x 573, 575 (7th Cir. 2020) ("When they are enforcing tribal laws or managing tribal affairs, neither tribal officers and agents nor private corporations act under color of state law."). Here, the events took place at the casino, which is on sovereign tribal land, and defendants are either tribal police officers or casino employees, not state or federal actors.

In some situations, tribal officers could be considered state or federal agents. Some tribal officers have authorization to enforce state law and could "fairly be said to be" state actors for purposes of § 1983. *Bressi v. Ford*, 575 F.3d 891, 895 (9th Cir. 2009) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)); *see also Maxwell v. County of San Diego*, 708 F.3d 1075, 1080, 1090 (9th Cir. 2013) *(*allowing § 1983 claim to go forward against paramedics from tribal fire department based on "grossly negligent acts committed outside tribal land pursuant to an agreement with a non-tribal entity"). However, "[m]erely referring suspected federal [or state] law violations to the appropriate authorities is not tantamount to acting under color of federal [or state] law." *Bressi*, 575 F.3d at 898. And merely investigating suspected violations of state or federal law on tribal land does not turn them into state or federal actors:

> An Indian tribe's authority to enforce criminal laws on tribal land is nuanced. On tribal land, a tribe has inherent powers as a separate sovereign to enforce criminal laws, but only as to its tribal members and nonmember Indians. An Indian tribe's authority over non-Indians is more limited. A tribe has no power to enforce tribal criminal law as to non-Indians, even when they are on tribal land. But a tribe may exclude non-Indians from tribal land. Therefore, tribal officers can investigate crimes committed by non-Indians on tribal land and deliver non-Indians who have committed crimes to state or federal authorities.

*United States v. Cooley*, 919 F.3d 1135, 1141 (9th Cir. 2019) (quotation marks, footnote, and internal citations omitted); *see also United States v. Terry*, 400 F.3d 575, 579-80 (8th Cir. 2005) ("Where jurisdiction to try and punish an offender rests outside the tribe, tribal officers may exercise their power to detain the offender and transport him to the proper authorities. Because the power of tribal authorities to exclude non-Indian law violators from the reservation would be meaningless if tribal police were not empowered to investigate such violations, tribal police must have such power."

3

(quotation marks and citation omitted)). The U.S. Constitution constrains tribal police acting under tribal authority to the extent that evidence obtained in violation of the Fourth Amendment cannot be used in a subsequent state or federal criminal prosecution. *See Terry*, 400 F.3d at 580 ("When exercising this power, however, tribal officers must avoid effecting a constitutionally unreasonable search or seizure."); *see also Cooley*, 919 F.3d at 1143-45 (noting that the Indian Civil Rights act of 1968 contains a Fourth-Amendment-equivalent provision that is applicable to tribal officers, and a violation of that provision requires suppression of evidence in a federal criminal trial). But tribal police acting under tribal authority cannot be held individually liable under § 1983 or *Bivens* for Fourth Amendment violations.

Here, Hartsell alleges that the defendants "acted jointly with the St. Joseph County police officers in executing the illegal seizures and arrests." ECF 10 at 5. However, that bare allegation without supporting facts does not allow a reasonable inference that the tribal officers worked in concert with state officials.

Similarly, Hartsell alleges that defendants "called in the FBI to coordinate after the illegal arrests had occurred." ECF 10 at 5. Federal involvement after the alleged constitutional violation is insufficient to support a *Bivens* claim against the defendants.

Section 1985 also does not provide a basis for liability. As relevant here, it prohibits "two or more persons in any State or Territory" from conspiring to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). Section 1985 is not limited to state action and can reach purely private activity. But "in order to prove a private conspiracy

in violation of the first clause of § 1985(3), a plaintiff must show, *inter alia*, (1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment." *Bray v. Alexandria Woman's Health Clinic*, 506 U.S. 263, 267-68 (1993) (quotation marks, brackets, and citations omitted); *see also Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008) ("Section 1985(3) prohibits a conspiracy to deprive another of equal protection under the law . . . , but the conspiracy must be motivated by racial, or other class-based discriminatory animus."). The complaint contains no indication of a race- or class-based motivation for the defendants' actions.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow Hartsell to amend his complaint if, after reviewing this court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS Charles Hartsell, Jr., leave to file an amended complaint by **May 10, 2021**; and

(2) CAUTIONS Charles Hartsell, Jr., that if he does not file an amended complaint by the deadline, this case will be dismissed under 28 U.S.C. § 1915A because the current complaint fails to state a claim.

SO ORDERED on April 9, 2021.

                                                                                    s/ JON E. DEGUILIO  
                                                                                    CHIEF JUDGE  
                                                                                    UNITED STATES DISTRICT COURT