UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES HARTSELL, JR.,

    Plaintiff,

        v.                      CAUSE NO. 3:20-CV-505-JD-MGG

ADAM SCHAAF, et al.,

    Defendants.

OPINION AND ORDER

Charles Hartsell, Jr., a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 about a search and seizure that occurred at Four Winds Casino South Bend. ECF 10. The court screened the complaint pursuant to 28 U.S.C. § 1915A and determined that it did not state a claim upon which relief could be granted because the complaint did not plausibly allege that the police officers involved were acting pursuant to state law, as opposed to tribal law. ECF 15. Hartsell has now filed an amended complaint, ECF 20, which the court must review to determine if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Hartsell alleges that on February 23, 2019, he was gambling at the Four Winds Casino South Bend when he was illegally seized and searched by officers of the Pokagon Tribal Police Department and the St. Joseph County Police Department. According to the amended complaint, Officer Erick Jordan, a Pokagon Tribal Police Officer who is cross-deputized as a Michigan police officer, was conducting an investigation into counterfeit currency at the casino. Hartsell had contact with the suspected counterfeiter earlier at the casino, which caused the officer to suspect that he was involved as well. Officer Jordan reported his findings to his superior officer, Sergeant Adam Schaaf, a Pokagon Tribal Police Officer who is also cross-deputized as a St. Joseph County Officer. Sergeant Schaaf contacted the St. Joseph County Police Department for assistance and, with their help, confronted Hartsell. Sergeant Schaaf handcuffed him, took him to another room, and searched him without his consent. Officer Loza, a Pokagon Tribal Police Officer who is also cross-deputized, seized and searched Hartsell's cell phone, which was never returned.

After the search, Hartsell was taken to the St. Joseph County Jail. Sergeant Schaaf was involved in the decision to charge him. The state charges were dismissed, but Hartsell was indicted on federal firearms charges. *See United States v. Hartsell*, No. 3:19-cr-14-DRL-MGG-2 (N.D. Ind. filed Mar. 13, 2019). Those charges were dismissed after the court found that Hartsell had been seized and searched without probable cause. ECF 20 at ¶¶ 20-21.

Unreasonable searches and seizures are prohibited by the Fourth Amendment. *Young v. City of Chicago*, 987 F.3d 641, 644 (7th Cir. 2021). In order to prevail on a false

2

arrest or false imprisonment claim brought pursuant to the Fourth Amendment, the plaintiff must show a lack of probable cause. *McBride v. Grice*, 576 F.3d 703, 706-07 (7th Cir. 2009); *Simmons v. Pryor*, 26 F.3d 650, 654 (7th Cir. 1993). "Probable cause is an absolute defense to any claim under § 1983 for wrongful arrest or false imprisonment." *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015). "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). The complaint plausibly alleges that Hartsell was seized without probable cause in violation of the Fourth Amendment.

Regarding searches, those performed without warrants are "*per se* unreasonable under the Fourth Amendment unless one of few recognized exceptions applies." *United States v. Leo*, 792 F.3d 742, 748 (7th Cir. 2015). The *Terry* exception applies if reasonable suspicion of criminality exists, which allows "searches to screen persons who may be 'armed and presently dangerous.'" *United States v, Richmond*, 924 F.3d 404, 416 (7th Cir. 2019) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). Officers do not need to be absolutely certain the suspect is armed; rather "the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Id.* (quoting *Terry*, 392 U.S. at 27). Another exception to the warrant requirement is a search that is performed "incident to a lawful arrest." *United States v. Jenkins*, 850 F.3d 912, 917 (7th Cir. 2017) (citation omitted). "The justification for this exception is the protection of the arresting officer and the preservation of evidence." *Id.*

3

Incident to an arrest, items such as containers that are found on a person may be searched. *Leo*, 792 F.3d at 748; *see also United States v. Jackson*, 377 F.3d 715, 716 (7th Cir. 2004) ("[I]t is reasonable for the police to search the body, clothing, and immediate possessions of anyone in custody following an arrest on probable cause[,] . . . with or without any reason to suspect that the person is armed or carrying contraband."). Additionally, "even a search that occurs before an arrest may be deemed lawful as incident to that arrest, so long as probable cause for an arrest existed independently of the evidence discovered during the search." *Leo*, 792 F.3d at 748 n.1 (citing *Jackson*, 377 F.3d at 716–17). The complaint plausibly alleges that Hartsell was unreasonably searched in violation of the Fourth Amendment.

Furthermore, this amended complaint cures the defect in the earlier complaint. The alleged involvement of the St. Joseph County Officers plus Sergeant Schaaf's cross-deputization and involvement in state charging decisions allow a reasonable inference that defendants could "fairly be said to be state actors" during the search and seizure for purposes of § 1983. *Bressi v. Ford*, 575 F.3d 891, 895 (9th Cir. 2009) (quotation marks omitted); *see also Riggle v. State*, 151 N.E.3d 766, 770-71 (Ind. Ct. App. 2020) (relating testimony of Pokagon Tribal Police Officer discussing how the St. Joseph County Sheriff designated him as a special deputy to enforce state law against non-Native people on tribal land).

However, the two unidentified St. Joseph County Officers must be dismissed. "[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it

4

otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

Finally, Hartsell requests the return of the seized evidence that he alleges is still being held in the evidence room at the Four Winds Casino South Bend. Assuming his request is proper in this action, *see* Fed. R. Crim. P. 41(g); *Okoro v. Bohman*, 164 F.3d 1059 (7th Cir. 1999); Ind. Code § 35-33-5-5; *State v. Willits*, 773 N.E.2d 808 (Ind. 2002), and that this court has the power to order disposition of property on Pokagon Tribal land, Hartsell has not sued a proper defendant. "[A]n action for the return of property is necessarily directed against the custodian." *Okoro v. Callaghan*, 324 F.3d 488, 491 (7th Cir. 2003). None of the named defendants are alleged to be in personal possession of the seized property.

For these reasons, the court:

(1) GRANTS Charles Hartsell, Jr., leave to proceed against Adam Schaaf, Erick Jordan, and Loza in their individual capacities for compensatory and punitive damages for an illegal search and seizure at the Four Winds Casino South Bend on February 23, 2019, in violation of the Fourth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Officer John Doe One and Officer John Doe Two;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Adam Schaaf, Erick Jordan, and Loza at the Pokagon Tribal Police Station, 58620 Sink

Rd., Dowagiac, MI 49047, with a copy of this order and the complaint (ECF 20), pursuant to 28 U.S.C. § 1915(d);

    (5) ORDERS that the Pokagon Tribal Police Department provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

    (6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Adam Schaaf, Erick Jordan, and Loza to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

    SO ORDERED on June 7, 2021

                                                  /s/JON E. DEGUILIO
                                                  CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT