UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES HARTSELL, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-505-JD-MGG |
| ADAM SCHAAF, et al., | |
| Defendants. | |

OPINION AND ORDER

Charles Hartsell, Jr., a prisoner without a lawyer, filed a motion for leave to file a second amended complaint. ECF 47. He is proceeding in this case against Pokagon Tribal Officers "Adam Schaaf, Erick Jordan, and Loza in their individual capacities for compensatory and punitive damages for an illegal search and seizure at the Four Winds Casino South Bend on February 23, 2019, in violation of the Fourth Amendment[.]" ECF 21 at 5. Hartsell asserts that he recently discovered the identities of three St. Joseph County Sheriffs who participated in the seizure and wishes to add them to the lawsuit. Although leave to amend should be "freely give[n] when justice so requires," Fed. R. Civ. P. 15(a)(2), leave need not be given if the amendment would be futile, *see R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 946 (7th Cir. 2020). Here, an amendment would be futile because the statute of limitations period has run and there is no basis to find that either relation back or equitable tolling applies.

The event at issue here took place on February 23, 2019. Hartsell filed his complaint on June 17, 2020, well within the statute of limitations. ECF 1. In that

complaint, he did not name any County Officers as defendants or mention their involvement at all. Before the court was able to screen his complaint, he moved to file an amended complaint on July 24, 2020. ECF 4. The motion was granted, and the new complaint was separately docketed on December 11, 2020, also within the statute of limitations. ECF 9, 10. That complaint also did not name any County Officer as a defendant, but did mention their involvement in passing:

> Each named defendant acted jointly with the St. Joseph County police officers in executing the illegal seizures and arrests. Tribal police had called in the St. Joseph Co. officers to work in concert, to assist, and apprehend in the illegal arrests. By acting in concert with county police officers, the tribal police conducted themselves under color of state law.

ECF 10 at ¶ 9.

Significantly, before Hartsell filed this civil case, he challenged the legality of the search and seizure in a federal prosecution based on a firearm found during the investigation. He was present at the suppression hearing held on December 3, 2019. *See United States v. Hartsell*, No. 3:19-cr-14-DRL-MGG-2, ECF 76 (N.D. Ind. filed Mar. 13, 2019). Sergeant Schaaf and Officer Jordan testified at that hearing, along with the casino's director of surveillance operations and a lieutenant with the Pokagon Police Department. *See United States v. Hartsell*, 432 F. Supp. 3d 805 (N.D. Ind. Jan. 7, 2020) (granting motion to suppress). Thus, by the time Hartsell filed the first two complaints within the statutory period, he had the benefit of the suppression hearing, the transcript of the hearing, and the judicial opinion granting the motion to suppress, to assist in his personal recollection of the events. Yet he did not name a County Officer as a defendant or detail much involvement in the search or seizure.

Hartsell for the first time added two John Doe County Officers as defendants in response to the court's screening order that determined Hartsell's complaint did not plausibly allege the Pokagon Officers were acting under color of state law, as opposed to tribal law. ECF 15, 20. At that point, the statute of limitations had expired, but the County Officers were dismissed without further analysis because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). ECF 21 at 4-5. The case was allowed to proceed against the Pokagon Officers and is currently in discovery.

Hartsell filed the current motion to file a second amended complaint in October 2021, nearly eight months after the statute of limitation expired. ECF 47. In the proposed second amended complaint attached to the motion, Hartsell alleges that during the investigation at the casino on Pokagon Tribal Lands, Sergeant Schaaf requested assistance from the St. Joseph County Sheriff's Department, and he met with Corporal Hart, Corporal Johnson, and Officer Ginter before approaching Hartsell. ECF 47-1 at ¶ 10. Hartsell further alleges those County Officers were present to provide support when Sergeant Schaaf seized him on the casino floor on February 23, 2019. *Id.* at ¶ 14.

"Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Normally, "plaintiffs cannot, after the statute of limitations period, name as defendants individuals that were unidentified at the time of

3

the original pleading." *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008). Under some circumstances, an amendment filed outside the statute of limitations may relate back to the date of the original complaint. *See* Fed. R. Civ. P. 15(c). When the proposed amendment seeks to add a new party, Rule 15(c)(1)(C) "permit[s] an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000). Not knowing a defendant's identity does not constitute a mistake for purposes of relation back. *See Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (reaffirming circuit precedent that suing a John Doe defendant is not a mistake that would allow relation back under Rule 15(c)(1)(C)). Therefore, relation back is inapplicable here.

Without relation back, Hartsell can add new defendants only if equitable tolling applies. The federal doctrine of equitable tolling provides that "a person is not required to sue within the statutory period if he cannot in the circumstances reasonably be expected to do so." *Heck v. Humphrey*, 997 F.2d 355, 357 (7th Cir. 1993) (quotation marks and citation omitted). "[I]t is the plaintiff's burden to show he diligently pursued the claim and some extraordinary circumstances prevented him from filing his complaint within the statute of limitations." *Herrera*, 8 F.4th at 499 (quotation marks omitted).

In the current motion, Hartsell requests that the County Officers be added "because of their involvement and the link they provide to the other defendants in establishing that their actions were committed under color of state law." ECF 47 at 2.

4

However, the case history demonstrates that the extent of their involvement could reasonably have been known to Hartsell before the expiration of the statute of limitations. And although Hartsell must prove that the Pokagon Officers acted in concert with a state actor, the state actor does not need to be a defendant in the lawsuit for it to proceed. *See Dennis v. Sparks*, 449 U.S. 24, 27-29 (1980) (private persons alleged to have conspired with state actor can be sued under § 1983 even if state actor is not a defendant). Thus, Hartsell cannot show the diligence necessary for equitable tolling.

For these reasons, the court DENIES the motion (ECF 47).

SO ORDERED on December 2, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT