UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES HARTSELL, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-505-JD-MGG |
| ADAM SCHAAF, et al., | |
| Defendants. | |

ORDER

Defendants, by counsel, move to amend their answer to include the affirmative defense of estoppel and the defense offered by *Heck v. Humphrey*, 512 U.S. 477 (1994). ECF 59. Charles Hartsell, Jr., a prisoner without a lawyer, filed a response, opposing the amendment. ECF 65. Defendants did not reply.

Hartsell is proceeding in this case "against Adam Schaaf, Erick Jordan, and Loza in their individual capacities for compensatory and punitive damages for an illegal search and seizure at the Four Winds Casino South Bend on February 23, 2019, in violation of the Fourth Amendment[.]" ECF 21 at 5. Defendants filed their motion on November 30, 2021, after the deadline for amending the pleadings passed on November 18, 2021. ECF 42. Now, defendants must show good cause to amend. *See* Fed. R. Civ. P. 16(a); *Alioto v. Town of Lisbon,* 651 F.3d 715 (7th Cir. 2011) ("[T]he district court was entitled to apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied."). The heightened "good cause" standard requires that when a party moves to "amend a pleading after

the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause.'" *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.,* 424 F.3d 542, 553 (7th Cir. 2005) (citing Fed. R. Civ. P. 16(b)). The "good cause" standard considers "the diligence of the party seeking the amendment" and requires the party to "show that despite their diligence the time table could not have reasonably been met." *Trustmark,* 424 F.3d at 553.

Here, the defendants have not shown the necessary diligence to amend their answer after the deadline. They state that before they received plaintiff's petition to enter a guilty plea in his criminal case, "defense counsel did not appreciate the defenses of estoppel and/or the application of the United States Supreme Court's decision in *Heck v. Humphrey*, 512 US 477 (1994), and its progeny." ECF 59 at 2-3. However, the suppression hearing in Hartsell's first criminal case was held on December 3, 2019; the motion was granted on January 7, 2020; and the case against him dismissed on April 15, 2020. *See United States v. Hartsell*, No. 3:19-cr-14-DRL-MGG-2 (N.D. Ind. filed Mar. 13, 2019) at ECF 76, 81, 124. Additional charges against Hartsell based on his actions at the casino were brought on January 15, 2020; Hartsell pleaded guilty on January 21, 2020; and he was sentenced on April 15, 2020. *See United States v. Hartsell*, No. 3:20-cr-9-DRL-MGG (filed Jan. 15, 2020) at ECF 1, 4, 28. Defense counsel do not explain why they were unable to learn this publicly available information before the November 18, 2021, more than a year and a half after the criminal proceedings were over.

Even if defendants had shown good cause, the proposed amendment would be futile because the asserted defenses are inapplicable to this case. *See Hukic v. Aurora*

*Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile."). First, *Heck v. Humphrey*, 512 U.S. 477 (1994), does not apply. *Heck* prohibits a civil plaintiff from asserting any claim that would necessarily imply the invalidity of his criminal conviction. But Hartsell's Fourth Amendment claim does not undermine or invalidate his conviction under 18 U.S.C. § 922(d)(3) for conspiring to sell firearms to a known drug user. Fourth Amendment claims are generally not subject to the *Heck* bar because "Fourth Amendment claims as a group do not necessarily imply the invalidity of a criminal conviction," even if the conviction could not have been obtained without the proceeds of the alleged constitutional violation. *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008). Though a plaintiff alleging a Fourth Amendment violation may be able to "plead himself into a *Heck* bar by insisting on facts inconsistent with his guilt," Hartsell does no such thing. *Easterling v. Moeller*, 334 F. App'x 22 (7th Cir. 2009); *see also Mordi v. Zeigler*, 870 F.3d 703, 708 (7th Cir. 2017). At issue in this case is not what Hartsell actually did or possessed, but rather what defendants knew about Hartsell's actions to support probable cause for the seizure and search. *See Beck v. Ohio*, 379 U.S. 89, 91 (1964) (whether officer had probable cause to make a warrantless arrest depends on "whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense"). Hartsell does not allege any facts which contradict or undermine his

conviction or explicitly or implicitly assert his innocence; therefore, his claim is not barred by *Heck*.

Moreover, Hartsell was not convicted at trial but rather was convicted based on a guilty plea. The Supreme Court has held that the validity of a guilty plea conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest on the evidence that may have been improperly seized; therefore, plaintiffs who have been convicted pursuant to a guilty plea may bring Fourth Amendment claims under § 1983. *Haring v. Prosise*, 462 U.S. 306 (1983); *see also Easterling,* 334 F. App'x at 22.

Defendants also wish to add in the defenses of collateral estoppel and judicial estoppel. However, it is unclear how either would benefit defendants here, where Hartsell prevailed on his motion to suppress. *See United States v. Hartsell*, 432 F. Supp. 3d 805 (N.D. Ind. 2020). The doctrine of judicial estoppel bars parties from asserting one position in a legal proceeding and then asserting an inconsistent position at a subsequent proceeding. *Cooper v. Eagle River Mem. Hosp., Inc.,* 270 F.3d 456, 462 (7th Cir. 2001); *Wells v. Coker,* 707 F.3d 756, 760 (7th Cir. 2013). Similarly, collateral estoppel may apply to § 1983 cases which involve constitutional claims that were previously litigated and decided against a criminal defendant. *Allen v. McCurry,* 449 U.S. 90 (1980). Both defenses seek to prevent a party from achieving different outcomes on the same issue before different courts. Here, Hartsell is not asserting a different position than he did in his criminal case, nor is he attempting to change the outcome on previously decided

Fourth Amendment claims. Neither collateral estoppel nor judicial estoppel would benefit the defendants here.

    For these reasons, the court DENIES the motion (ECF 59).

    SO ORDERED on February 14, 2022

                                                s/ Michael G. Gotsch, Sr.
                                                Michael G. Gotsch, Sr.
                                                United States Magistrate Judge